The Honorable Paul B Snyder
Chapter 7
Hearing Date: 12/17/2009
Hearing Time: 9:00am
Location: Union Station, Courtroom H
1717 Pacific Avenue, Tacoma, WA
Response Date: 12/10/2009

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re: | Case No.: 09-47534-PBS |
| Scott W Townsend<br>Deborah L Townsend | Chapter 7 |
| | MOTION FOR RELIEF FROM STAY and<br>NOTICE OF HEARING |
| Debtors | |

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that the Motion for Relief from the Automatic Stay (the "Motion") filed by First Horizon Home Loans, a division of First Tennessee Bank National Association, is set for hearing as follows:

Judge: Paul B Snyder

Place: Union Station, Courtroom H
1717 Pacific Avenue, Tacoma, WA

Time: 9:00am

Date: 12/17/2009

IF YOU OPPOSE the Motion, you must file and serve your response NO LATER THAN THE RESPONSE DATE which is 7 days prior to the hearing. IF NO RESPONSE IS TIMELY FILED AND SERVED, the Court may, in its discretion, GRANT THE MOTION PRIOR TO THE HEARING WITHOUT FURTHER NOTICE, and strike the hearing.

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

# MOTION

Pursuant to 11 USC §362(d)(1) and (2), First Horizon Home Loans, a division of First Tennessee Bank National Association ("Secured Creditor") moves this court for an Order Terminating the Automatic Stay. In support of the Motion, Secured Creditor alleges:

1. This Bankruptcy was filed on 10/08/2009.

2. This Motion affects the real property commonly known as **1221 14th Avenue, Fox Island, WA 98333** (the "Property"). The full legal description of the Property is listed on the Deed of Trust.

3. This Motion seeks relief from the stay only, and does not seek to establish or determine any of Secured Party's legal interests, if any, in the Property

4. Secured Creditor has standing to bring this Motion because it is the owner and Holder of the Original Promissory Note that creates the loan obligation. It is also the beneficiary under the Deed of Trust that encumbers the Property. Secured Creditor is entitled to receive the payments made by the Debtors under the Note. Secured Creditor is entitled to enforce the terms of the security instruments encumbering the Property.

5. Secured Creditor is entitled to rely on its pleadings to establish standing. "In ruling on a FED. R. CIV. P. 12(b)(6) motion to dismiss for lack of standing, we must construe the complaint in favor of the complaining party." Hong Kong Supermarket v. Kizer, 830 F.2d 1078, 1080-81 (9th Cir. 1987). Secured Creditor is entitled to rely on its assertion that it has standing unless a party offers evidence otherwise. The burden of proof of disproving standing is on the non-moving party. 11 U.S.C. §362(g)(2).

6. Stay relief may be requested by "*a party in interest*." 11 U.S.C. §362(d). This term is broader than "*the real party in interest*." Federal Rule of Procedure 17(a)(1)(f) further

Motion for Relief - 1
MH# WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

provides that "a party with whom or in whose name a contract has been made *for the benefit of another*…may sue in that person's own name without joining the party for whose benefit the action is brought" (emphasis added). This is not limited to a creditor, but can be *any party* with an interest in the matter.

The statutes regarding standing and parties in interest are intended to be read liberally.

> Subsection (d) grants relief from the automatic stay, under certain conditions, to "a party in interest." Had Congress intended the section to apply only to secured creditors, it undoubtedly would have so stated. Further, nothing in the legislative history implies that Congress intended the restrictive application [Debtor] urges. *See* S. Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5838.
> ***
>
> While we agree that Congress intended that the automatic stay have broad application, the legislative history to § 362 clearly indicates that Congress recognized that the stay should be lifted in appropriate circumstances. It states:
> It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.
>
> *In re Honosky*, 6 Bankr. 667, 669 (S.D.W.Va. 1980) *citing* S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5836.

7.  The loan was originally incurred on 08/25/2006. The Deed of Trust was recorded in Pierce County, Washington, and properly encumbers the Property and secures payment of the Promissory Note. The Note was assigned and sold to Secured Creditor. Secured Creditor owns the Note.

8.  Debtors have defaulted in payments under the Note and Deed of Trust as listed below. The default figures stated below should not be relied upon for reinstatement as additional monthly payments, interest and other fees may be accruing or have accrued under the terms of the Deed of Trust. A current reinstatement or payoff statement may be obtained upon request.

Motion for Relief - 2
MH# WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

| Arrears: | | | | | | |
|---|---|---|---|---|---|---|
| Payments: 11/1/08 - 11/1/09 | 13 | At | $ | 4,807.39 | $ | 62,496.07 |
| Late Charges: | | | | | $ | 894.88 |
| Corporate Advances: | | | | | $ | 2,555.40 |
| **Total Default:** | | | | | $ | 65,946.35 |
| **Total Owed to Secured Creditor:** | | | | | $ | 712,303.48 |
| **Other Liens or Encumbrances on the Property:** | | | | | | |
| 2nd Deed of Trust held by First Horizon | | | | | $ | 199,997.00 |
| **Total Debt Secured by Property:** | | | | | **$** | **912,300.48** |
| **Value of Property Pursuant to Debtors Schedules A&D:** | | | | | $ | 500,000.00 |
| Estimated Liquidation Costs (8% of Value): | | | | | **$** | **40,000.00** |
| **Net Equity in Property:** | | | | | **$** | **(452,300.48)** |

9. The legislative history of the Bankruptcy Code directs that a motion for relief is to be treated analogous to an injunction, and that the stay should only remain in place if there is a "reasonable likelihood that the party opposing the relief from stay will prevail at the final hearing." Thus, the *opposing party* must establish factual grounds that they will win at the final hearing. Simply objecting to the motion based on complaints of inadequate proof by the Secured Creditor is inadequate. It is the *opposing party's* burden to prove that the Stay should remain in effect. 11 U.S.C. §362(g)(2). If the opposing party does not establish this, then the stay relief should be granted.

> After a preliminary hearing, the court may continue the stay only if there is a reasonable likelihood that the party opposing relief from the stay will prevail at the final hearing. Because the stay is essentially an injunction, the three stages of the stay may be analogized to the three stages of an injunction. The filing of the petition which gives rise to the automatic stay is similar to a temporary restraining order. The preliminary hearing is similar to the hearing on a preliminary injunction, and the final hearing and order are similar to the hearing and issuance or denial of a permanent injunction. The main difference lies in which party must bring the issue before the court. While in the injunction setting, the party seeking the injunction must prosecute the action, in proceedings for relief from the

Motion for Relief - 3
MH# WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

Case 09-47534-PBS Doc 18 Filed 11/20/09 Ent. 11/20/09 12:35:23 Pg. 4 of 8

automatic stay, the enjoined party must move. The difference does not, however, shift the burden of proof. Subsection (g) leaves that burden on the party opposing relief from the stay (that is, on the party seeking continuance of the injunction) on the issue of adequate protection and existence of an equity.

(H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340-344.)

10. The only issues that are to be addressed in the motion for relief are the creditor's adequate protection, the debtor's equity in the property, and the necessity of the property for an effective reorganization. Other issues, or issues that can be raised in state court or by adversary proceeding, are inappropriate in evaluating the motion for relief.

> The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters.

(S. Rept. No. 95-989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) pp. 52, 53, 55.)

11. Under 11 U.S.C. 362 (d), any party in interest may move for stay relief. If a party in interest moves for stay relief, the Court *must* grant relief for cause or if there is a lack of equity in the property and it is not necessary for a reorganization:

> d) On request of *a party in interest* and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (1) for cause, including the lack of adequate protection of an interest in property *of such party in interest*;
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>> (A) the debtor does not have an equity in such property; and
>>> (B) such property is not necessary to an effective reorganization;

Motion for Relief - 4
MH# WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

Case 09-47534-PBS    Doc 18    Filed 11/20/09    Ent. 11/20/09 12:35:23    Pg. 5 of 8

11 U.S.C. §362(d) (emphasis added)

12.    The Ninth Circuit Court of Appeals has also squarely addressed this issue. The Bankruptcy Court is not to evaluate the merits of the underlying claim as part of the stay relief motion.  The Bankruptcy Court's role is limited to determining whether the creditor is adequately protected.  If not, then the court must grant stay relief regardless of whether the court believes that the creditor will ultimately prevail on the merits in state court:

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. In re Cedar Bayou, Ltd., 456 F. Supp. 278, 284 (W.D. Pa. 1978).  *The validity of the claim or contract underlying the claim is not litigated during the hearing.* The action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert a counterclaim. In re Essex Properties, Ltd., 430 F. Supp. 1112 (N.D. Cal. 1977). See S. Rep. No. 989, 95th Cong., 2d Sess. 55, reprinted in 1978 U.S. Code Cong. & Ad. News, 5787, 5841. *Thus, the state law governing contractual relationships is not considered in stay litigation.*
>
> In Re: Johnson, 756 F.2d 738, 740 (9th Cir., 1985).

13.    A foreclosure proceeding may have commenced, details of which were not available at the time this Motion was filed.

14.    In addition to the delinquencies listed above, the Court should grant the Motion for the following reasons:

a.    Debtors have failed to make post-petition loan payments.

b.    Debtors do not have the ability to continue to make payments during the pendency of the bankruptcy case. Therefore, Secured Creditor is not adequately protected.

Motion for Relief - 5
MH# WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

Case 09-47534-PBS    Doc 18    Filed 11/20/09    Ent. 11/20/09 12:35:23    Pg. 6 of 8

c. The continuation of the automatic stay will cause irreparable harm to Secured Creditor and will deprive Secured Creditor of adequate protection to which it is entitled under 11 U.S.C. §362 and §363.

d. Debtors have insufficient equity to protect Secured Creditor's interest during the bankruptcy proceeding.

e. The Property is not necessary for an effective reorganization.

f. Debtors intend to surrender the Property.

15. The following documents are attached as Exhibits to this Motion:

a. Exhibit 1 - Secured Creditor's file copy of the Promissory Note.

b. Exhibit 2 - Copy of Deed of Trust.

c. Exhibit 3 - Copy of Assignment of the Deed of Trust.

WHEREFORE, Secured Creditor requests:

1. An Order Terminating the Automatic Stay.

2. An Order waiving the 10-day stay pursuant to Bankruptcy Rule 4001(a)(3).

3. Alternatively, for an Order requiring adequate protection of Secured Creditor's interest in the Property.

4. For attorney fees and costs incurred herein.

5. For such other relief as the Court deems proper.

Dated: November 20, 2009    McCarthy & Holthus, LLP

/s/ Angela M. Michael
Matthew R. Cleverley, Esq., WSBA #32055
Angela M. Michael, Esq., WSBA #37727
Joni M. Derifield, Esq., WSBA #34268
Attorneys for Secured Creditor

Motion for Relief - 6
MH# WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100

Case 09-47534-PBS    Doc 18    Filed 11/20/09    Ent. 11/20/09 12:35:23    Pg. 7 of 8

**CERTIFICATE OF SERVICE**

On 11/20/2009, I served the foregoing **MOTION FOR RELIEF FROM STAY and NOTICE OF HEARING** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTORS
Noel P. Shillito
shillito@callatg.com

TRUSTEE
Terrence J. Donahue
bankruptcy@eisenhowerlaw.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Cretu Andrada
Cretu Andrada

On 11/20/2009, I served the foregoing **MOTION FOR RELIEF FROM STAY and NOTICE OF HEARING** on the following individuals by depositing true copies thereof in the United States mail, enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTORS
Scott W Townsend
Deborah L Townsend
PO Box 491
Fox Island, WA 98333

SPECIAL NOTICE
ALS - GE Recovery Management Systems Corporation
25 SE 2nd Avenue #1120
Miami, FL 33131-1605

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Hue Banh
Hue Banh

Motion for Relief - 7
MH#WA09-48261

McCarthy & Holthus, LLP
19735 10th Ave NE Suite N200
Poulsbo, WA 98370
206.319.9100